IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. BENJAMIN MITCHELL, Defendant. | No. CR08-0046 REPORT AND RECOMMENDATION |

This matter comes before the Court on the Motion to Suppress (docket number 21) filed by the Defendant on November 21, 2008, the Response (docket number 23) filed by the Government on December 4, 2008, and the Reply (docket number 24) filed by the Defendant on the same date.

### *RELEVANT FACTS*

On September 23, 2008, Defendant Benjamin Mitchell was charged by Indictment with possession of a firearm as an unlawful user of controlled substances. Defendant entered a plea of not guilty and trial was scheduled for December 8, 2008. Defendant's original counsel subsequently withdrew, however, and attorney Raphael M. Scheetz was retained to represent Defendant. On Defendant's motion, the trial was continued to January 20, 2009.

On November 21, 2008, Defendant filed the instant motion to suppress. Defendant claims in his motion that police conducted an illegal warrantless search of his residence on September 19, 2007. Accordingly, Defendant requests that the Court "suppress the items seized from the defendant's residence on September 19, 2007."

On December 4, 2008, the Government responded to the motion to suppress. While not conceding that the entry into Defendant's apartment was unconstitutional, the Government states an intent not to use the evidence "during its case in chief."

1

> The United States does not concede law enforcement's initial
> entry into defendant's apartment on September 19 constituted
> an illegal search; however, the United States agrees not to
> offer the items seized pursuant to the September 19 search
> warrant during its case in chief at trial.

Response to Defendant's Motion to Suppress (docket number 23).

Given its "agreement" not to offer the evidence during its case in chief, the Government suggests that "Defendant's motion to suppress should be denied as moot." In his Reply (docket number 24), however, Defendant argues that "[t]he proper remedy is that the motion to suppress should be granted."

## DISCUSSION

Defendant asks the Court to suppress the items seized from his residence on September 19, 2007, arguing that the warrantless search was unconstitutional. The Government "does not concede" the constitutional argument, but essentially agrees to the remedy sought by Defendant. That is, the Government agrees that it will not offer the items seized during its case in chief.[1] Defendant argues that since the Government does not resist the motion, it should be granted.

The parties have not cited any authority on this point and the Court has found none. There are a number of cases where the Court has "denied as moot" motions to suppress when the government agrees not to offer the contested evidence in its case in chief. It would appear, however, that the defendant in those cases did not object to that disposition.

In *United States v. Dale Michael Lucas*, No. 2:06-cr-01047-LRR, the defendant filed a motion to suppress evidence. The government filed a "resistance," stating that "[a]s the government does not intend to use these statements in its case in chief, the government requests the court deny the motion as moot." In his report and recommendation, Chief Magistrate Judge John Jarvey recommended that the motion be denied as moot.

---

[1] The Government suggests, however, that the evidence may be admissible on cross-examination or rebuttal, citing *United States v. Havens*, 446 U.S. 620 (1980).

> Given the government's concession that the defendant was questioned after he invoked his right to counsel, and its representation that it will not offer the incriminating statements in its case in chief, the court recommends that defendant's motion to suppress be denied as moot.

*United States v. Dale Michael Lucas*, No. 2:06-cr-01047-LRR, Report and Recommendation (docket number 40) at 2. The defendant did not object to that portion of the report and recommendation and it was adopted by Chief Judge Linda R. Reade. *See Id.*, Order (docket number 49).

Other courts have handled this issue similarly. In *United States v. Fenstermaker*, 2007 WL 1242891 (D. Minn.), the Court denied as moot two motions to suppress evidence after the government advised the Court that it would not offer the evidence in its case in chief at trial.

> [W]hile certain evidence was seized from the Defendant, the Government advises that it does not intend to offer, at Trial, any evidence that was obtained by search or seizure, and urges, therefore, that the Defendant's Motion to Suppress be denied as moot. The Defendant does not argue to the contrary, and therefore, we recommend that the Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be denied as moot.

*Id.* at *1. *See also United States v. Knight*, 2008 WL 4755678 (S.D. Fla.); *United States v. Lemke*, 2008 WL 4999246 (D. Minn.); *United States v. Tenerelli*, 2008 WL 420018 (D. Minn.); and *United States v. Valenzuela Lopez*, 2004 WL 2713257 (D. Minn.). In none of those cases, however, did the parties contest the issue of whether the motion should be granted under these circumstances, or denied as moot.

As a practical matter, it is unclear whether there is a significant difference between granting the motion to suppress or denying the motion as moot (based on the Government's promise not to offer the evidence during its case in chief). Under either alternative, the Government is precluded from offering into evidence during its case in chief the items seized during the warrantless search. Under either alternative, however, the Government

3

may be entitled to offer the evidence during cross-examination of Defendant or on rebuttal. *United States v. Havens*, 446 U.S. 620 (1980).

The Court cannot find any case where this issue has been litigated. The parties have not cited any authority to the Court. When the Government agrees not to offer evidence which is the subject of the motion to suppress, however, it would appear that the common practice is to deny the motion as moot. Accordingly, the Court recommends that outcome here.

## *RECOMMENDATION*

For the reasons set forth above, I respectfully recommend that the District Court **DENY AS MOOT** the Motion to Suppress (docket number 21) filed by the Defendant on November 21, 2008.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1)(B), that within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the District Court.

DATED this 9th day of December, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA