# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 08-CR-46-LRR |
| vs. | **ORDER** |
| BENJAMIN MITCHELL, | |
| Defendant. | |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Benjamin Mitchell's Objection ("Objection") (docket no. 28) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation ("Report and Recommendation") (docket no. 27). Judge Scoles recommends the undersigned deny Defendant's Motion to Suppress ("Motion") (docket no. 21) as moot.

## *II. RELEVANT PRIOR PROCEEDINGS*

On September 23, 2008, Defendant was charged in a one-count Indictment (docket no. 1) with knowingly possessing a firearm while being an unlawful user of controlled substances in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

On November 21, 2008, Defendant filed the Motion. On December 4, 2008, the government filed a Response (docket no. 23) and Defendant filed a Reply (docket no. 24). On December 8, 2008, Judge Scoles held a hearing ("Hearing") on the Motion. On December 9, 2008, Judge Scoles issued the Report and Recommendation. On December 22, 2008, Defendant filed the Objection.

The court finds the Objection fully submitted and ready for decision.

## *III. STANDARD OF REVIEW*

When a party files a timely objection to a magistrate judge's report and

recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2005); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *see also* Fed. R. Crim. P. 59(b)(3) (stating "[t]he district judge must consider de novo any objection to the magistrate judge's recommendation"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) (stating a judge "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions"). The Eighth Circuit Court of Appeals has held it is reversible error for the district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the Report and Recommendation de novo.

## IV. ANALYSIS

Defendant raises one objection to the Report and Recommendation. Upon de novo review of the record in its entirety, the court shall overrule it. For the reasons set forth below, the court shall fully adopt all sections of the Report and Recommendation.

### A. *Motion Denied As Moot*

Defendant objects to the Report and Recommendation on the grounds Judge Scoles recommended the Motion be denied as moot. Objection at 2. Defendant argues that the Motion is not moot because the case is set for trial and "there is no judicial determination or ruling prohibiting the government from introducing said evidence at trial." *Id.* Defendant argues that instead, the Motion should be granted.

As a preliminary matter, Defendant did not provide any legal authority supporting this position. It appears that rather, when the government agrees not to offer evidence which is the subject of the motion to suppress, the common practice is to deny the motion

2

as moot. *See United States v. Lucas*, No. 06-CR-1047-LRR, (docket no. 49) (N.D. Iowa Jan. 24, 2007); *see also United States v. Knight*, 07-CR-20923, 2008 WL 4755678 (S.D. Fla. Oct. 27, 2008); *United States v. Tenerelli*, 07-194(1) (JNE/FLN), 2008 WL 420018 (D. Minn. Feb. 13, 2008); *United States v. Fenstermaker*, 07-78 (DSD/RLE), 2007 WL 1242891 (D. Minn. April 27, 2007). The court recognizes that the parties in the cited cases did not dispute whether the motion should be granted under these circumstances or denied as moot. However, based on this common practice and the lack of case law on the issue, the court shall deny the Motion as moot. *See United States v. Walker*, No. 96-3036, 1997 WL 182609 *1, n.2 (8th Cir. April 16, 1997) ("[Defendant]'s motion to suppress physical evidence is moot as the challenged physical evidence was not introduced at trial."); *United States v. Christenson*, 549 F.2d 53, 57 n.2 (8th Cir. 1977) ("Under the circumstances of this case, we do not deem it necessary to resolve the issue of whether the search of [the defendant]'s apartment was permissible under the Fourth Amendment. The singular insignificant item discovered in the apartment search was not offered in evidence; thus, there is nothing upon which the exclusionary rule can operate."); *United States v. Arias-Villanueva*, 998 F.2d 1491, 1502 (9th Cir. 1993) (overruled on other grounds); *United States v. Brown*, 584 F.2d 252, 255 (8th Cir. 1978); *see also* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

The court agrees with Judge Scoles that, as a practical matter, there does not appear to be a significant difference between granting the Motion or denying it as moot based on the government's representation that it will not offer the evidence during its case in chief. Accordingly, the court overrules the Objection. The Motion is denied as moot.

### *V. CONCLUSION*

In light of the foregoing, the court **ORDERS**:

(1) The Objection (docket no. 28) is **OVERRULED**; and

(2) The Report and Recommendation (docket no. 27) is **ADOPTED**.

**IT IS SO ORDERED.**

**DATED** this 5th day of January, 2009.

*[signature]*
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA